

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY LEON PRATT, § | | |
| Petitioner, § | | |
| § | 3:16-CV-1385-L | |
| v. § | 3:13-CR-0323-L | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession of a stolen firearm. The district court sentenced him to 105 months in prison. He did not file an appeal.

Petitioner dated his § 2255 petition as November 12, 2015. The petition was received by the Court on May 17, 2016. He argues his sentence was unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA). On July 21, 2016, the government filed its answer. Petitioner did not file a reply. The Court finds the petition should be dismissed.

## II. Discussion

**1.     Statute of Limitations**

Petitioner's claims are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner did not appeal his conviction. The conviction therefore became final on September 26, 2014, which was 14 days after entry of the September 12, 2014, judgment. *See* FED. R. CRIM. P. 4(b)(1)(A)(i) (stating appeal must be filed within fourteen days of judgment). Petitioner then had one year, or until September 26, 2015, to file his § 2255

petition. Petitioner did not file his petition until November 12, 2015.[1] The petition is therefore untimely.

Here, Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue his petition is timely under § 2255(f)(3). This section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court invalidated the residual clause of the ACCA. Petitioner, however, was not sentenced under the ACCA. Hee also was not sentenced as a career offender under the sentencing guidelines. Petitioner has failed to show the residual clause in the ACCA has any applicability to his conviction or sentence. Petitioner has therefore failed to show his petition was timely filed.

2.    **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124,

---

[1] A prisoner's petition is deemed filed when he deposits the petition in the prison mailing system. *See* Rule 3(d), Rules Governing § 2255 Proceedings.

128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### 3. Waiver

Petitioner has also waived the right to file the instant § 2255 petition. Pursuant to his plea agreement, Petitioner waived the right to collaterally attack his sentence except for claims that his plea or waiver were involuntary or claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner has not alleged that his plea or waiver were involuntary. His claims are therefore waived.

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed.

Signed this 3 day of July, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).